UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


MID-ATLANTIC REGIONAL COUNCIL
OF CARPENTERS -- WEST VIRGINIA,
DISTRICT, CARPENTERS PENSION FUND
OF WEST VIRGINIA and SCOTT BREWER,
as Trustee, CARPENTERS HEALTH FUND
OF WEST VIRGINIA and JAMES BROWN,
as Trustee and, MID-ATLANTIC REGIONAL
COUNCIL OF CARPENTERS -- WEST VIRIGNIA
JATC,

       Plaintiffs,

v.                                    Civil Action No. 2:12-7993

G & R MASONRY, Inc.,

       Defendant.


MEMORANDUM OPINION AND ORDER


       Pending is the plaintiffs' motion for entry of default judgment filed February 13, 2013.

       Plaintiffs were directed following receipt of the default judgment motion to submit further briefing.  They were additionally directed to undertake their best efforts to assure service of their default judgment motion and that order upon defendant G & R Masonry's registered agent no later than April 1, 2013.

The docket reflects that service of the foregoing materials was accepted by the Secretary of State on April 4, 2013.  While not shown on the docket, the Secretary of State's website further reflects that G & R Masonry's registered agent, Mark Stutler, signed for the Secretary of State's certified mailing of the materials on April 6, 2013.  The court has received no communication to date from G & R Masonry or Mr. Stutler in this action.  The matter is ripe for adjudication.

I.

A.   The Parties and Their Statutory Statuses

This action was instituted pursuant to section 502(e) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(e).  Plaintiff Mid-Atlantic Regional Council of Carpenters -- West Virginia District -- is a labor organization under 29 U.S.C. §152(5).  It represents employees who are in an industry "affecting commerce."  See 29 U.S.C. § 152(7).

Plaintiff Carpenters Pension Fund of West Virginia ("Pension Fund") is an employee pension benefit plan as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2).  It was

established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(a).

Scott Brewer is a duly appointed and authorized Trustee of the Pension Fund, a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint Board of Trustees of the Pension Fund.  The joint Board of Trustees is the Plan sponsor of the Pension Fund within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

Plaintiff Carpenters Health Fund of West Virginia ("Health Fund") is an employee welfare benefit plan as defined in 29 U.S.C. § 1002(1).  The Health Fund is authorized to sue in its own name and under 29 U.S.C. §1132(d)(1).  James Brown is a duly appointed and authorized Trustee of the Health Fund.  The Health Fund and Pension Fund are administered in Parkersburg, Wood County, West Virginia by its plan trustees.

The Mid-Atlantic Regional Council of Carpenters -- West Virginia JATC -- ("MARCC JATC"), is a Trust Fund created

3

pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).  It is administered pursuant to a trust agreement.

Defendant G & R Masonry, Inc. ("G & R Masonry"), is a corporation organized and existing under the laws of the State of West Virginia.  It employs persons in this State in the carpentry trade.  G & R Masonry is an employer as defined in section 2(2) of the LMRA, 29 U.S.C. § 152(2).  Its activities affect commerce within the meaning of Section 2(7) of the LMRA, 29 U.S.C. § 152(7).  Further, G & R Masonry is an employer as defined by Section 3(5) of ERISA, 29 U.S.C. § 1002(5), in an industry or activity affecting commerce within the meaning of Section 3(12) of ERISA, 29 U.S.C. §1002(12).


B.    The Collective Bargaining Agreement


G & R Masonry was a member of the Kanawha Valley Builders Association.  It was signatory and subject to a collective bargaining agreement with the Mid-Atlantic Regional Council of Carpenters -- West Virginia District.  The collective bargaining agreement provides for the rates of pay, wages, hours of employment and other conditions of employment for employees of G & R Masonry.  The collective bargaining agreement provides for certain authorized deductions to be made from the employee

wages.  G & R Masonry has not been remitting some or all of these deductions.

The collective bargaining agreement further provides for the participation by G & R Masonry employees in the Pension Fund, Health Fund, and MARCC JATC Trust Agreement.  The Agreement and Declaration of Trust creating and governing the Pension Fund and Health Fund provides that an employer which executes a writing evidencing its participation thereby assumes and shall be bound by all of the obligations imposed by the Agreement and Declaration of Trust.  The Agreement and Declaration of Trust creating and governing the Pension Fund and Health Fund provides for the payment of contributions by G & R Masonry on behalf of each of its employees covered by the collective bargaining unit.

C.   The Complaint

Count One seeks delinquent contributions to the Mid-Atlantic Regional Council of Carpenters -- West Virginia District for 2010 through 2012, along with interest in an amount to be determined.  Neither the complaint nor the default judgment motion specify the amounts due and owing for these particular delinquent contributions.  There is thus no basis

5

upon which the court can enter default judgment as to these unknown amounts.

Count Two seeks delinquent contributions to the Pension Fund for 2010 through 2012.  An audit conducted for plaintiffs puts the principal amount due the Pension Fund at $26,051.92, with $11,262.23 due and owing for the period June 1 to December 31, 2011, and $14,789.69 due and owing for the period January 1 through August 31, 2012.  Count Three seeks delinquent contributions for the Health Fund.  An audit conducted for plaintiffs reveals that the Health Fund is owed the principal sum of $25,292.02, with $10,691.63 due and owing for the period June 1 to December 31, 2011, and $14,600.39 due and owing for the period January 1 through August 31, 2012. Count Four seeks delinquent contributions to the MARCC JATC Trust Agreement, which an audit reveals to total $1,667.50, with $612.90 due and owing for the period June 1 to December 31, 2011, and $1,054.60 due and owing for the period January 1 through August 31, 2012.  These sums aggregate $53,011.44. Interest is sought on all principal amounts due on Counts Two through Four.

Certain allegations of the complaint discuss the interest and liquidated damages to which plaintiffs assert they are entitled:

> 11. Section 502(g) of ERISA . . . requires the Court
> to award liquidated damages of up to twenty percent
> (20%) as provided under the terms of an agreement, in
> addition to the amount of unpaid contributions,
> interest, reasonable attorneys' fees and costs when
> judgment is entered in favor of an employee benefit
> plan for unpaid contributions. In the absence of a
> liquidated damages provision in an agreement, Section
> 502(g)(2) . . . authorizes an award equal to the
> amount of interest, which is in addition to all other
> amounts awarded. . . .
>
> 12. The Agreement and Declaration of Trust creating
> and governing the Pension Fund and Health Fund
> provides for interest on delinquent contributions <u>to
> be calculated at the legal rate of interest in the
> State of West Virginia</u>.
>
> 13. The payment of liquidated damages to the Pension
> Fund is governed by Section 502(g)(2) . . . <u>which
> requires an award equal to the amount of interest</u>.

(Compl. ¶¶ 11-13 (emphasis added)).  The "legal rate of interest

in the State of West Virginia" is construed as referring to the

statute prescribing interest on judgments and decrees, namely,

West Virginia Code section 56-6-31.  Generally, that rate has

been set at 7%, which is specified annually by the Supreme Court

of Appeals of West Virginia in compliance with the statute.  <u>See</u>

Sup. Ct. of Apps. Admin. Ord. at 1 (Jan. 2, 2013).  This is the

same rate that has been in effect since at least January 1,

2010.

        The statute contains additional language, however, for

setting the interest rate for obligations based upon a written

agreement.  In that instance, the statute directs that "the

7

obligation shall bear a prejudgment interest at the rate set forth in the written agreement until the date the judgment or decree is entered and, thereafter, the judgment interest rate shall be the same rate as provided for in this section."  W. Va. Code § 56-6-31.

The complaint aggregates the principal sum sought from G & R Masonry at $53,011.44 for contributions due and owing for the years of 2010 through 2012 for the Pension Fund, Health Fund and MARCC JATC Trust Agreement.  It further seeks as follows:

> That judgment be entered against G & R Masonry for liquidated damages due on the delinquent contributions owed for the years 2010 through 2012, in an amount equal to interest;
>
> That judgment be entered against G & R Masonry in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the legal rate in the State of West Virginia, from the date such contributions are due and owing until the date of judgment, and liquidated damages equal to the amount of interest awarded.

(Compl. Wherefore clause).

In their April 1, 2013, brief in support, however, the plaintiffs recite the material terms of the applicable collective bargaining agreement, which in turn references controlling trust agreements and attached collection procedures for delinquent employers.  Those delinquent employer procedures provide pertinently as follows:

8

> Any employer delinquent with regard to required
> contributions shall pay in addition to such
> delinquencies, interest at the rate of 1 1/2% of the
> contribution due for each and every month that such
> employer shall remain delinquent, plus liquidated
> damages in the amount of 10% of the delinquent
> contribution amount together with all necessary costs
> and attorney fees necessitated in collecting such
> delinquencies.

(Ex. 3 at 2, Br. in Supp.).

Additionally, in their motion for default judgment,
they assert that the amount of delinquent contributions "to
date" has increased by $630.20 to $53,641.64.  They also seek
post-judgment interest, reasonable attorney fees and costs.  An
affidavit attached to the motion for default judgment
establishes the amount of attorney fees and costs as,
respectively, $1,350.00 and $473.04, bringing the total recovery
sought through the filing of the motion for default judgment,
exclusive of interest and liquidated damages, to $55,464.68.


II.


A.   Governing Standard

When a party moves for a default judgment, Federal
Rule of Civil Procedure 55(b) authorizes a district court to
"conduct hearings or make referrals" in order to, <u>inter alia</u>,
"determine the amount of damages[,] establish the truth of any

9

allegation by evidence[,] or investigate any other matter." Fed. R. Civ. P. 55(b)(2)(B)-(D).  While "unliquidated damages normally are not awarded without an evidentiary hearing," <u>James v. Frame</u>, 6 F.3d 307, 310 (5th Cir. 1993), the court is authorized to proceed without a hearing when a sum certain or uncontested amount is at issue.  <u>See</u> <u>Insurance Services of Beaufort, Inc. v. Aetna Cas. and Sur. Co.</u>, 966 F.2d 847, 853 (4th Cir. 1992) ("[U]nder rule 54, a default judgment may not be entered without a full hearing unless the damages are liquidated or otherwise uncontested.").

The court has reviewed the audits and accompanying audit letters attached to the complaint and motion for default judgment.  Counsel for plaintiffs avers the documents to be true and accurate copies of the original audits and accompanying audit letters.  (<u>See</u> Aff. of Mark W. Carbone ¶ 8).  It is, accordingly, ORDERED that the plaintiffs' default judgment motion be, and hereby is, granted as more fully set forth below.

The plaintiffs are entitled to the unpaid contributions sought through the date of the filing of their default judgment motion, namely, $53,641.64.  The amount of liquidated damages is 10% of this sum, or $5,364.16.

Inasmuch as the plaintiffs have not tendered the monthly interest calculations specified in the delinquent employer procedures, the court calculates the 1.5% monthly, or 18% annual, interest rate on the total delinquent contributions for Counts Two, Three, and Four from the end, respectively, of the two audit periods, namely June 1 through December 31, 2011, and January 1 to August 31, 2012, to the date of the accompanying Judgment, which is August 1, 2013, as follows:

Pension, Health and MARCC JATC Delinquent Contributions for June 1 through December 31, 2011, with 19 months of interest:

| |
|---|
| $11,262.23 + $10,691.63 + $612.90 = $22,566.76 |
| $22,566.76 x .015 x 19 = $6,431.53 interest |

Pension, Health and MARCC JATC Delinquent Contributions for January 1 through August 31, 2012, with 11 months of interest:

| |
|---|
| $14,789.69 + $14,600.39 + $1,054.60 = $30,444.68 |
| $30,444.68 x .015 x 11 = $5,023.37 interest |

This results in a total interest obligation of $11,454.90. As noted, the attorney fees and costs amount to $1,823.04, resulting in the following total award:

| | |
|---|---|
| Delinquent contributions | $53,641.64 |
| Liquidated damages | 5,364.16 |
| Prejudgment interest | 11,454.90 |
| Attorney fees and costs | 1,823.04 |
| TOTAL | $72,283.74 |

11

CRITICAL

The Clerk is directed to transmit a copy of this written opinion and order to counsel of record and any unrepresented parties.  Counsel for the plaintiffs is additionally directed to serve the written opinion and order upon Mr. Stutler.

ENTER: August 1, 2013

John T. Copenhaver, Jr.
United States District Judge